*VSc*
BO: USAO 2025R00704

USDC- GREENBELT
'26 MAY 14 PM3:08

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \* | |
| | \* | **CRIMINAL NO.** 26-Cr-168-DLB |
| v. | \* | |
| | \* | **(Distribution of Controlled Substances** |
| **MARIO ZELAYA,** | \* | **with Serious Bodily Injury and Death** |
| | \* | **Resulting, 21 U.S.C. §§ 841(a)(1) and** |
| | \* | **(b)(1)(C); Forfeiture, 21 U.S.C. § 853)** |
| **Defendant.** | \* | |
| | \* | |

\*\*\*\*\*\*\*

## INDICTMENT

### COUNT ONE
**(Distribution of Controlled Substances with Serious Bodily Injury and Death Resulting)**

The Grand Jury for the District of Maryland charges that:

On or about September 5, 2025, in the District of Maryland, the defendant,

### MARIO ZELAYA,

did knowingly and intentionally distribute a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl )-4-piperidinyl] propanamide, commonly known as fentanyl, a Schedule II controlled substance, and serious bodily injury and death resulted from the use of such substance.

21 U.S.C. §§ 841(a)(1), (b)(1)(C)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 21 U.S.C. § 853, in the event of the defendant's conviction under Count One of this Indictment.

### Narcotics Forfeiture

2.      Upon conviction of the offense set forth in Count One of this Indictment, the defendant,

### MARIO ZELAYA,

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and (2) all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

### Substitute Assets

3.      If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third person;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

e.    has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above, pursuant to 21 U.S.C. § 853(p).

21 U.S.C. § 853

_Kelly O. Hayes /B.O._
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: May _14_, 2026